WHATLEY, Judge.
The University of South Florida, USF, appeals an administrative decision of the Department of Children and Family Services (the Department) finding that its substance abuse counseling program is subject to state licensing requirements. Although we agree with the Department that USF’s program is subject to state licensing requirements, we reverse because the Department failed to comply with statutory joint rule making prerequisites.
In its final order granting USF’s petition for declaratory statement, the Department found that USF’s substance abuse program, the Center for Addiction and Substance Abuse (CASA), was subject to *224 licensure and regulation pursuant to section 397.406, Florida Statutes (1999). Section 397.406 provides the following:
Substance abuse programs operated directly or under contract by ... any ... state agency ... which programs constitute any service provider licensable components as defined in this chapter, are subject to licensure and regulation in accordance with rules jointly developed by the department and the state or local agency operating the program.
Section 397.311(19), Florida Statutes (1999), defines licensed service provider as a public agency under that chapter which offers substance abuse services through one or more of the following licensable service components: addictions receiving facility; detoxification; residential treatment; day and night treatment; outpatient treatment; medication and methadone maintenance treatment; prevention; and intervention.
USF admits that it provides individual counseling that occasionally includes substance abuse counseling and that it engages in prevention to the extent that it encourages healthy lifestyles and discourages drug abuse. However, it contends that although its program may be considered a licensed service provider pursuant to section 397.311(19), the Department’s licensing requirements are too burdensome.
The Department argues, and we agree, that pursuant to section 120.542, Florida Statuteá (1999), if USF finds that certain licensing requirements are too burdensome, it may file a petition with the Department requesting a variance or waiver from the requirement. However, the burdensome nature of the requirements is not an exception to licensure.
Although CASA is subject to licen-sure and regulation pursuant to section 397.406, the Department failed to comply with the joint rule development requirements of section 397.406. That section provides that the licensing rules must be jointly developed by the Department and the state agency operating the program. The Department contends that it did comply with this requirement because it conferred with the Florida Department of Education in the development of the rules. We disagree. As USF argues, section 397.406 provides that the Department must develop the rules jointly with the state or local agency operating the program. Here, the CASA program is operated by USF, and therefore, the Department was required to develop the rules jointly with USF. Because it failed to do so, we reverse.
Reversed.
THREADGILL, A.C.J., and CASANUEVA, J., Concur.